# In The United States District Court
## For The District of Delaware

| | |
|---|---|
| Young Women's Christian Association of Rochester and Monroe County,<br><br>*Plaintiff,*<br><br>v.<br><br>Hatteras Funds, LP; Hatteras Investment Partners, LP; David B. Perkins; H. Alexander Holmes; Steven E. Moss; Gregory S. Sellers; Thomas Mann; Beneficient; and Bradley K. Heppner,<br><br>*Defendants,*<br><br>- and -<br><br>Hatteras Master Fund, L.P., and Hatteras Core Alternatives TEI Institutional Fund, L.P.,<br><br>*Nominal Defendants*. | Civil Action No.<br><br>Removed from the Court of Chancery of the State of Delaware |

## NOTICE OF REMOVAL BY DEFENDANTS DAVID B. PERKINS AND HATTERAS INVESTMENT PARTNERS, LP

Defendants David B. Perkins ("***Perkins***") and Hatteras Investment Partners, L.P. ("***HIP***" or "***Adviser***") (together, "***Removing Defendants***") remove the state court action described below to this Court. Removal is proper under the Class Action Fairness Act of 2005 ("***CAFA***"), 28 U.S.C. § 1332(d), 28 U.S.C. §§ 1441(a)-(b), and 28 U.S.C. § 1453, because this is a putative class action and thus federal jurisdiction is proper.

## NATURE OF THE CASE

1. On December 6, 2024, Plaintiff commenced an action against Defendants Hatteras Funds, LP; Hatteras Investment Partners, LP; David B. Perkins; H. Alexander Holmes; Steven E. Moss; Gregory S. Sellers; Thomas Mann; Beneficient; and Bradley K. Heppner, and Nominal Defendants Hatteras Master Fund, L.P., and Hatteras Core Alternatives TEI Institutional Fund, L.P., (collectively, "**Defendants**") in the Court of Chancery of the State of Delaware by filing a "Verified Derivative and Class Action Complaint."

2. Service on the Removing Defendants was effectuated on December 12, 2024.

3. In compliance with 28 U.S.C. § 1446(b)(1), this Notice of Removal was filed on January 10, 2025, and thus was filed within thirty (30) days after service of the Complaint, rendering removal timely.[1]

## LEGAL STANDARD

4. "[A] defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (quoting 28 U.S.C. § 1446(a)). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure." *Dart*, 574 U.S. at 87.

5. "Congress, by borrowing the familiar 'short and plain statement' standard from Rule 8(a), intended to simplify the pleading requirements for removal and to clarify that courts

---

[1] By removing this action, Removing Defendants do not waive any available defense or rights (all of which are reserved). Nor do Removing Defendants concede the veracity of any allegation pleaded against them. *Faltaous v. Johnson & Johnson*, No. CIV.A. 07-1572JLL, 2007 WL 3256833, at *8 (D.N.J. Nov. 5, 2007) ("Defendant need not concede aspects of the complaint in order to prove federal jurisdiction.").

2

should apply the same liberal rules to removal allegations that are applied to other matters of pleading." *Id.*, 574 U.S. at 87 (citation, quotation marks, and brackets omitted). Accordingly, "[a] statement 'short and plain' need not contain evidentiary submissions." *Id.*, 574 U.S. at 84.

## PARTIES

6. Plaintiff is alleged to be organized in New York. Compl. ¶ 17.

7. Defendant Hatteras Investment Partners, L.P. (HIP), was organized in Delaware. *Id.* ¶ 20. HIP's principal place of business is in Raleigh, North Carolina. *See* Declaration of David B. Perkins [hereinafter, "**Perkins Decl.**"] ¶ 3. Thus, HIP is a citizen of Delaware and North Carolina.[2]

8. Defendant Perkins is a citizen of the State of North Carolina. Perkins Decl. ¶ 2.

## FEDERAL JURISDICTION

### I.   This Court Has Jurisdiction Under CAFA

9. This Court has jurisdiction because this matter is a "class action" under CAFA.

10. "Congress enacted [CAFA] to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (citing *Standard Fire Ins. Co.,* 568 U.S. 588, 592 (2013)). Accordingly, "CAFA's 'provisions should be

---

[2] Under CAFA, a limited partnership is treated like a corporation, in that its citizenship is determined by its principal place of business and state of organization. *Erie Ins. Exch. v. Erie Indem. Co.*, 722 F.3d 154, 161 n.7 (3d Cir. 2013) ("CAFA itself evinces an intent that suits by unincorporated associations be treated like suits by corporations in that the citizenship of the association for diversity purposes is determined by the entity's principal place of business and not by the citizenship of its members. *See* 28 U.S.C. § 1332(d)(10)."); *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1032 n.13 (9th Cir. 2009) ("CAFA abrogates the traditional rule that an unincorporated association shares the citizenship of each of its members for diversity purposes[.]"); *id.* at 1028 ("A limited partnership or a corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its 'principal place of business.'") (quoting 28 U.S.C. § 1332(c)(1)). Even if HIP's citizenship was determined by the citizenship of its partners, however, HIP is still diverse from Plaintiff, because Perkins is HIP's general partner, and he is a citizen of North Carolina. Perkins Decl. ¶ 3.

read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.'" *Dart*, 574 U.S. at 89 (quoting S.Rep. No. 109–14, p. 43 (2005)).

11. Practically, "CAFA dramatically expanded the role of the federal judiciary in class action litigation, and expressed a clear preference for qualifying class actions to be entertained in federal forums." *Portillo v. Nat'l Freight, Inc.*, 169 F. Supp. 3d 585, 589 (D.N.J. 2016). Because "the language of CAFA favors federal jurisdiction over class actions," "'no antiremoval presumption attends cases invoking CAFA[.]'" *Portillo*, 169 F. Supp. 3d at 592 n.9 (quoting *Dart*, 574 U.S. at 89).

A. **Class Action Requirements Under CAFA**

12. "CAFA confers on district courts 'original jurisdiction of any civil action' in which three requirements are met: (1) an amount in controversy that exceeds $5,000,000, as aggregated across all individual claims; (2) minimally diverse parties; and (3) that the class consist of at least 100 or more members ('numerosity requirement')." *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 500 (3d Cir. 2014) (quoting 28 U.S.C. § 1332(d)(2), (5)(B), (6)).

13. In addition, to be considered a "class action" under CAFA, the suit must be "filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action[.]" 28 U.S.C. § 1332(d)(1)(B).

14. This suit satisfies all of CAFA's requirements for federal jurisdiction over a class action because (1) there is minimal diversity between the parties; (2) the aggregate amount-in-controversy exceeds $5,000,000; (3) the putative class exceeds 100 members; and (4) the suit was filed under a state-law analogue to Rule 23.

### i. Minimal Diversity

15. CAFA requires minimal diversity among the parties, meaning, at least one class member must be a citizen of a different state from at least one defendant. 28 U.S.C. § 1332(d)(2).

16. Under CAFA, a corporation is a citizen of the state "by which it has been incorporated" and the state "where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

17. In the Complaint, Plaintiff alleges that it is a citizen of the State of New York. Compl. ¶ 17.

18. As explained above, HIP is a citizen of Delaware and North Carolina, and Perkins is a citizen of North Carolina.

19. Because the Removing Defendants' citizenship is different from Plaintiff's citizenship, the minimal diversity requirement is satisfied.

### ii. Aggregate Amount-in-Controversy

20. CAFA requires that the amount-in-controversy exceed $5,000,000 for the entire putative class in the aggregate, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2).

21. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 574 U.S. at 89; *Vaccaro v. Amazon.com.dedc, LLC*, No. CV 18-11852, 2019 WL 1149783, at *3 (D.N.J. Mar. 13, 2019) (same principle).³

---

³ Defendants do not concede that they are liable to Plaintiff for, or that Plaintiff is entitled to, any amount or other relief alleged in the Complaint. *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability."); *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) ("The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation.")).

22. In the Third Circuit, federal jurisdiction is proper "where the plaintiff has not specifically averred in the complaint that the amount in controversy is less than the jurisdictional minimum," unless "it appears to a legal certainty that the plaintiff *cannot* recover the jurisdictional amount." *Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007) (emphasis in original).

### a. Actual Damages

23. In the Complaint, Plaintiff alleges that the TEI Institutional Fund had "approximately $142 million" invested in the Master Fund in or around 2020, Compl. ¶ 65, and that today its investments "are virtually worthless." Compl. ¶ 115. Plaintiff also alleges that its stock in Beneficient sustained "a 99.88% loss" from its previous estimate. Compl. ¶ 139; *see also id.* ¶ 15 (alleging the value of the Funds' Beneficient securities dropped from "$10.00 per share" to "less than *one penny* per share").

24. According to the Complaint, Plaintiff seeks "damages for the monetary losses and other injuries suffered by the Funds and/or the Class," including "pre- and post-judgment interest." Compl., Prayer for Relief ¶ G.

25. Thus, the total "actual" damages amount *alleged* in the Complaint appears to exceed the $5,000,000 threshold for the aggregate amount-in-controversy.

### b. Attorneys' Fees

26. The Complaint also seeks "the costs of this action, including reasonable attorneys' fees, accountants' fees, consultants' fees, and experts' fees, costs, and expenses." Compl., Prayer for Relief ¶ I.

27. "When determining the amount in controversy, . . . attorney's fees are part of the amount in controversy calculation." *Harco*, No. CV 20-02349, 2020 WL 3287129, at *2 (citing *Frederico*, 507 F.3d at 199). The Third Circuit has awarded attorneys' fees of 30% of a class

judgment. *See Frederico*, 507 F.3d at 199 (noting that, in determining whether the CAFA threshold has been met, "[f]ees could be as much as thirty percent of the judgment"). Thus, the addition of attorneys' fees to the amount-in-controversy increases the amount for actual and punitive damages by another 30%.

28. For example, if Plaintiff's alleged damages are approximately $142 million, the corresponding attorneys' fees valued at 30% of a class action judgment would total $42.6 million.

### c. Injunctive and Equitable Relief

29. Plaintiff also seeks "any extraordinary equitable and injunctive relief against all Defendants." Compl., Prayer for Relief ¶ H. These additional costs would further increase the amount-in-controversy above the $5,000,000 threshold.

30. For all the foregoing reasons, it is evident based on the Complaint's allegations, and reasonable extrapolations therefrom, that the $5,000,000 aggregate amount-in-controversy requirement is satisfied in this matter.

### iii. Class Action Numerosity

31. CAFA requires that "the number of members of all proposed plaintiff classes in the aggregate" must be at least 100 members. 28 U.S.C. § 1332(d)(5). In counting such members, "the term 'class members' means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action." 28 U.S.C. § 1332(d)(1)(D).

32. The Complaint alleges that "the TEI Institutional Fund had thousands of unitholders who were scattered throughout the United States." Compl. ¶ 168. Accordingly, Plaintiff alleges that the putative class includes "thousands" of members.

33. Thus, the number of putative class members exceeds the 100 members necessary to satisfy the numerosity requirement under CAFA.

      iv.    **Applicable Law**

34. Under CAFA, "the term 'class action' means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action[.]" 28 U.S.C. § 1332(d)(1)(B).

35. In the Complaint, Plaintiff alleges that it brings "Count VIII of this action pursuant to Rule 23 of the Rules of the Court of Chancery, individually and on behalf of a proposed class (the 'Class')[.]" Compl. ¶ 166. Chancery Rule 23 is a "State statute or rule of judicial procedure" that is similar to federal Rule 23 in all key respects. Thus, all of the requirements for CAFA jurisdiction over a class action have been met.

    B.  **None of the CAFA Exceptions Apply**

36. CAFA provides two mandatory exceptions and one discretionary exception to the application of federal jurisdiction for class actions. 28 U.S.C. § 1332(d)(3)-(4). None of these exceptions applies here.

37. The local controversy exception requires a plaintiff to show, *among other things,* that "(1) greater than two-thirds of the putative class are citizens of the state in which the action was originally filed," and (2) that "the principal injuries occurred in the state in which the action was originally filed." *Vodenichar v. Halcon Energy Properties, Inc.*, 733 F.3d 497, 506–07 (3d Cir. 2013).

38. Here, however, the allegations in the Complaint do not reflect that a majority of putative class members are residents of the State of Delaware. To the contrary, Plaintiff alleges that the putative class members are "scattered throughout the United States." Compl. ¶ 168. For

the same reason, there is no reason to believe the "principal injuries" occurred in Delaware. Thus, the local controversy exception does not apply.

39. Similarly, "[t]he home state exception requires a federal court to decline to exercise subject matter jurisdiction in CAFA class actions where 'two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.'" *Vodenichar v. Halcon Energy Properties, Inc.*, 733 F.3d 497, 503 (3d Cir. 2013) (quoting 28 U.S.C. § 1332(d)(4)(B)).

40. Here, as explained above, the putative class members are "scattered throughout the United States," and thus "two-thirds or more" are not citizens of Delaware. Moreover, Perkins is a citizen of North Carolina. Thus, not all of the defendants are citizens of Delaware.

41. The exceptions to CAFA jurisdiction for putative class action complaints where the allegations "solely" relate to a narrow set of securities and corporate-law categories also do not apply. 28 U.S.C. § 1453(d). Even if some of the allegations in the Complaint relate to the excepted categories, many of those claims plainly do not fall into any such category such as, for example, the fraud and unjust enrichment claims (Counts V, VI, and VII) against the Beneficient Defendants, who have no fiduciary relationship to the Funds. *See, e.g.*, Compl. ¶¶ 207-27. Further, claims such as the breach of contract claim against HIP has no relationship to the interpretation of the terms of any particular security. Thus, the Complaint is not "solely" based on the categories outlined in the exceptions to removal under 28 U.S.C. § 1453(d).

42. Accordingly, none of the exceptions to CAFA jurisdiction apply here.

## II.  All Other Removal Requirements Have Been Met

43. The Complaint is attached hereto as Exhibit A. "[A] copy of all process, pleadings, and orders served upon" Removing Defendants in this action, aside from the Complaint, are attached hereto as Exhibit B. 28 U.S.C. § 1446(a).

44. Promptly after filing their Notice of Removal, Removing Defendants will cause a true and correct copy of the same to be filed with the Court of Chancery of the State of Delaware, where the case was filed, pursuant to 28 U.S.C. § 1446(d).

45. Removing Defendants reserve the right to amend or supplement this Notice of Removal in the event that additional bases or theories of federal jurisdiction are revealed in discovery or otherwise.

WHEREFORE, for all the foregoing reasons, Removing Defendants respectfully request this Court to assume full jurisdiction over this action as provided by law.

Dated: January 10, 2025

|  |  |
|---|---|
| OF COUNSEL:<br><br>**PARKER POE**<br><br>Melanie B. Dubis<br>Corri A. Hopkins<br>301 Fayetteville Street<br>Suite 1400<br>Raleigh, NC 27601<br>(919) 835-4017<br>melaniedubis@parkerpoe.com<br>corrihopkins@parkerpoe.com | **YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br><br>/s/ Robert M. Vrana<br>Elena. C Norman (#4780)<br>Richard J. Thomas (#5073)<br>Robert M. Vrana (#5666)<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>(302) 571-6600<br>enorman@ycst.com<br>rthomas@ycst.com<br>rvrana@ycst.com<br><br>*Attorneys for Defendants Hatteras Investment Partners, LP and David B. Perkins* |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 10, 2025, a copy of the foregoing document was served on the counsel listed below in the manner indicated:

**BY EMAIL**

Aaron T. Morris
Andrew W. Robertson
William H. Spruance
MORRIS KINDINOV LLP
305 Broadway
7th Floor
New York, NY 10007
aaron@moka.law
andrew@moka.law
william@moka.law

*Attorneys for Young Women's Christian Association of Rochester and Monroe County*

William M. Alleman, Jr.
Sean A. Meluney
Matthew D. Beebe
MELUNEY ALLEMAN & SPENCE, LLC
1143 Savannah Road
Suite 3-A
Lewes, DE 19958
bill.alleman@maslawde.com
sean.meluney@maslawde.com
matt.beebe@maslawde.com

*Attorneys for Young Women's Christian Association of Rochester and Monroe County*

Scott J. Leonhardt
ESBROOK P.C.
1000 N. West Street
Suite 1200
Wilmington, DE 19801
(302) 650-7540
Scott.leonhardt@esbrook.com

*Attorney for Nominal Defendants Hatteras Master Fund, L.P., and Hatteras Core Alternatives TEI Institutional Fund, L.P.*

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

*/s/ Robert M. Vrana*
Elena C. Norman (No. 4780)
Richard J. Thomas (No. 5073)
Robert M. Vrana (No. 5666)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
enorman@ycst.com
rthomas@ycst.com

rvrana@ycst.com

*Attorneys for David B. Perkins and Hatteras Investment Partners, L.P.*